IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| BOBBY BANKS, TIMOTHY DOGAN, ZANGERIO DOGAN, WILLIAM FRAZIER, ERIC GOMEZ, RICHARD PHILLIPS, ARIC RILEY, CHRISTOPHER ROBERTS, VAN RODEN, RICKY ROMINES, LARRY SANDERS, EMMANUEL STALLWORTH, SHUN THOMAS, ARTHUR VARDAMAN, SHELDON WATTS, and MARCUS SIMPSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>DIRECTV, INC., DIRECTV, LLC, and MULTIBAND CORP.,<br><br>      Defendants. | Case No. 1:14-cv-00398 |

**MULTIBAND'S REPLY IN SUPPORT OF MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Multiband Corporation ("Multiband") submits this Reply In Support of its Motion ("Motion') to Dismiss Plaintiffs' First Amended Complaint and states as follows:.

**I.   PLAINTIFFS' FAILURE TO ALLEGE FACTS SUPPORTING THEIR MISCLASSIFICATION CLAIMS RENDERS THEIR JOINT EMPLOYER LIABILITY THEORY IMPLAUSIBLE**

As set forth in Multiband's Motion, there are no facts in the FAC supporting any Plaintiff's claim that a third-party entity misclassified him as an independent contractor. (*See* Multiband Corporation's Memorandum of Law in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, at 16-19). Indeed, there are no facts whatsoever in the FAC regarding the degree of control exercised by any third party entity that allegedly treated each Plaintiff as an independent contractor; each Plaintiff's opportunity for profit and loss; each Plaintiff's

investment in equipment or materials; whether the service each Plaintiff and each third-party entity; or the extent to which the services rendered by each Plaintiff was an integral part of the third-party entity's business. Treating an individual as an independent contractor is not a violation of the Fair Labor Standards Act ("FLSA"). To avoid dismissal, Plaintiffs must allege sufficient facts to support a claim of independent contractor misclassification. They have not. Having failed to properly plead a claim of the alleged underlying violation (*i.e.*, misclassification) by the third parties that contractually engaged them, Plaintiffs cannot state claims against Multiband based on a theory of joint employer liability.

Plaintiffs' response in opposition to Multiband's Motion ("Opposition") does not address Multiband's argument that dismissal is appropriate where, as here, there are insufficient facts supporting Plaintiffs' allegations that they were misclassified as independent contractors by the entities with which they presumably had a direct contractual relationship. Plaintiffs simply recite their generalized allegations that DIRECTV "controls" their work through its policies and procedures, which they allege are enforced by Multiband, without setting forth any specific facts about the ways in which any specific Plaintiff's work was controlled, or otherwise addressing any of the additional factors that are required to be addressed in order for a plaintiff to properly plead a claim of independent contractor misclassification. (Opp., at 15-17).

Plaintiffs' Opposition references – in a generalized manner – the "economic realities" of the Plaintiffs' alleged relationship with Defendants. (Opp., at 7-8). Yet, there are no facts whatsoever in the FAC regarding the nature of the Plaintiffs' work relationships with the third party entities that actually engaged their services. Plaintiffs cannot credibly argue that they have described in factual detail the economic realities of their employment circumstances without

having included a single detail regarding the nature of their relationships with these third party entities.

In Opposition to Multiband's Motion, Plaintiffs further argue that the "absence from this action" of the third party entities that engaged their services "is wholly irrelevant to the question of whether the Complaint plausibly alleges Defendants' liability to Plaintiffs under the FLSA." (Opp., at 10 n. 3).  Even if that were true, the absence of any factual allegations regarding the nature of their relationship with these third party entities is not wholly irrelevant to the question of whether the FAC states a plausible claim against Multiband based on a joint employment theory.  They simply have not properly pled that they were directly employed under the FLSA because they have not properly pled that they were misclassified by these third-party entities.  If they were not directly employed by the third-party entities, they cannot by jointly employed by Multiband.

The cases cited by Plaintiffs' Opposition to support their position about the absence of the third party entities are inapposite.  Indeed, the District of Oregon's decision in *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037 (D. Or. 2010)., analyzed whether the laborers in that case were independent contractors or employees for purposes of deciding whether summary judgment was appropriate, not whether the plaintiff had alleged facts sufficient to survive a 12(b)(6) motion to dismiss.  Nothing in that decision excuses Plaintiffs' failure to provide critical information regarding their alleged employment circumstances.

Similarly, the District of Maryland's decision in *Iraheta v. Lam Yuen, LLC*, No. DKC 12-1426, 2012 WL 5995689 (D. Md. Nov. 29, 2012), is not relevant to this Court's analysis of Multiband's Motion.  The *Iraheta* decision involved a 12(b)(7) motion to dismiss for failure to join a necessary party under Fed.R.Civ.P. 19, which the court denied based on its conclusion that

the named defendants were jointly and severally liable for the alleged violations and as such complete relief could be afforded without joining co-employers.  Such a motion is not before the Court at this time.  Moreover, joint and several liability is not the issue here.  Rather, the issue is whether Plaintiffs have pled enough facts to render their independent contractor misclassification claim plausible.  The answer is no.  They cannot do so without at least some facts regarding the nature of their relationship with the third party entities that actually engaged their services.  The FAC sets forth no such facts.

It is telling that Plaintiffs attempt to attack Multiband's Motion by stating that Defendants "focus on what Plaintiffs have not alleged is inaccurate and unavailing; **any complaint could be similarly attacked for what it does not contain**."  (Opp., at 8) (emphasis added).  As it should be.  The pleading standards of Fed.R.Civ.P. 8 exist for a reason.  Despite what Plaintiffs seem to think, a complaint must contain certain facts to support the claims within the complaint.  When it does not, the complaint is subject to dismissal for failure to state a claim, as is appropriate here, where Plaintiffs have not pled facts to support their underlying allegations of misclassification by the third-party entities that contractually engaged their services. .

There is no legal authority for Plaintiffs' position that a FLSA litigant may maintain an action against an alleged joint employer without pleading facts regarding the economic reality of his or her relationships with the third party entity with which the litigant alleges "joint" employment exists.  It is not possible for a company to do something "jointly" by itself.  Such a notion is absurd.  Yet, that is precisely what Plaintiff's Opposition argued, *i.e.*, that a joint employer can exist without any facts whatsoever concerning the alleged direct employer.  The Ninth Circuit's recent decision in *Alexander v. FedEx Ground Package Sys.*, No. 12-1748, 2014 WL 4211107 (9th Cir. Aug. 27, 2014), cited by Plaintiffs as support for their unavailing position,

has nothing to do with joint employment at all, let alone whether the plaintiffs there could maintain an action against the defendant based on a joint employment theory of liability. The allegations there were that the defendant, <u>not a third party entity</u>, had misclassified the plaintiffs as independent contractors. Here, unlike in the *Alexander* decision, Multiband and this Court are left to speculate about the *basis* for the Plaintiffs' legal conclusion that they were misclassified as independent contractors by these third party entities.

Plaintiffs cite several cases in Footnote 5 of their Opposition for the proposition that "other district courts have denied motions to dismiss 'joint employment' allegations similar to those advanced here." (Opp., at 12 n.5). Yet, none of the cases cited provide any support for Plaintiffs' curious theory that they may maintain an independent contractor misclassification action against an alleged joint employer without pleading any facts regarding the nature of the relationship with the entities that actually engaged their services. Indeed, Plaintiffs conveniently neglect to mention that in *Daugherty v. Encana Oil & Gas (USA), Inc.*, No. 10-cv-02272-WJM-KLM, 2011 WL 1344331 (D. Colo. Apr. 8, 2011), the court specifically noted that the plaintiff had pled facts regarding the nature of his relationship with the third party entity at issue (Mesa) and the nature of the business relationship between the named defendant (Encana) and the third party (Mesa). *Daugherty*, 2011 WL 1344331, at *2. Additionally, the court stated that the plaintiff "alleges throughout his First Amended Complaint that he was employed directly by Encana," the named defendant in the case. Here, Plaintiffs' FAC contains no such allegations.

Plaintiffs cite to orders from the *Arnold* and *Lang* matters to support the alleged sufficiency of their claims as pled in the FAC. (Opp., at 12). The prior litigation between the parties is irrelevant in assessing the specific issue before this Court; *i.e.*, the plausibility of Plaintiffs' individual claims as pled in the FAC. The resolution of that issue is governed by the

5

four corners of the FAC, and Plaintiffs have failed to allege specific facts sufficient to state "plausible" claims for relief under the *Iqbal/Twombly* standards.. It bears noting that in denying summary judgment, the *Lang* court stated:

> Whether an individual is an employee or an independent contractor is highly dependent on the specific context in which an individual performs his work. In addition, it is difficult to generalize from the case law on independent contractor versus employee status because the courts are not consistent in the degree of emphasis they place on the different factors in the analytical mix. On the record presented here, the Court finds that disputed issues of material fact prevent the Court from accurately assessing the economic relationships among these parties as a whole.

*See Lang v. DIRECTV*, 801 F. Supp. 2d 532, 536 (E.D. La. 2011). Thus, the *Lang* court recognized that the "specific context" of each plaintiff's individual claim prevented group-wide findings "as a whole," and that the question of whether an individual is an employee or independent contractor turned on specific facts applicable to specific plaintiffs and the specific entities for which they directly worked and by which they were directly paid. Here, the FAC is devoid of such factual specificity, and relies exclusively on the use of mere labels to support group-wide conclusions.

In sum, the FAC fails to provide critical information about Plaintiffs' relationship with the third party entities that engaged and paid Plaintiffs, and about Multiband's relationship with these third party entities. Without pleading facts sufficient to support a reasonable inference of *employment* by the third party entities, Plaintiffs necessarily fail to allege a plausible claim of *joint employment* against Multiband.

## II. PLAINTIFFS' ALLEGED "POSSIBILITY" OF A MINIMUM WAGE VIOLATION IS INSUFFICIENT TO AVOID DISMISSAL

Based on their own descriptions of typical workweeks, Plaintiffs Dogan, Gomez and Phillips ("Minimum Wage Plaintiffs") allege facts that not only fail to state plausible minimum wage claims, but which foreclose the possibility of such claims. By applying simple arithmetic

6

to the Minimum Wage Plaintiffs' allegations, it is evident that their effective hourly wages exceeded the minimum wage rate applicable under the FLSA.

In their Opposition, Plaintiffs do not argue that Multiband miscalculated the Minimum Wage Plaintiffs' effective hourly rates of pay in their Motion.  Nor do they argue that the FAC identifies a specific workweek in which they were paid below the minimum wage (as is required to sufficiently plead a minimum wage violation under the FLSA).  Instead, Plaintiffs disingenuously assert that the time and pay allegations that they consciously chose to include in the FAC are not, in fact, representative of the Minimum Wage Plaintiffs' typical workweeks.  Plaintiffs thus contend that it is "possible" that each of the Minimum Wage Plaintiffs was paid below the minimum wage in some unknown and hypothetical workweek, and that this mere possibility is sufficient to save their claims.  (Opp., at 14-16).  Plaintiffs are wrong.  *See Iqbal*, 556 U.S. at 678 (pleading standard "asks for more than a mere possibility that a defendant has acted unlawfully").

In a transparent effort to erase the arithmetic consequences of the time and pay allegations that they chose to include in the FAC, Plaintiffs now assert that those allegations only pertain to a single workweek.  But the time and pay allegations in the FAC are clearly intended to describe the Minimum Wage Plaintiffs' typical workweeks, and not some scheduling and compensation anomaly.  In any event, Multiband's Motion can only address what Plaintiffs have actually pled in the FAC, and the fact that they now regret pleading it does not make the words (or their consequences) disappear.  Given the Minimum Wage Plaintiffs' own allegations regarding their hours worked and payments received, they each have failed to plead a plausible claim for minimum wage violations, and those claims should be dismissed.  *See Twombly*, 550

U.S. at 570 (plaintiffs must state sufficient facts to "nudge[] their claims across the line" from being merely "conceivable" or possible to being "plausible").

Even setting aside the fact that the Minimum Wage Plaintiffs have pled themselves out of plausible minimum wage claims through their time and pay allegations, the FAC still fails to plead facts sufficient to state such claims under *Iqbal/Twombly*. In that regard, Plaintiffs' generic allegations regarding piece-rate compensation, chargebacks, and unreimbursed business expenses are insufficient to state a plausible minimum wage claim with respect to any particular workweek.

### III. PLAINTIFFS FAIL TO PLEAD SUFFICIENTLY A WILLFUL VIOLATION OF THE FLSA

Plaintiffs mistakenly contend that the FLSA's extended three-year statute of limitations ("SOL") applies to their claims. To invoke a three-year SOL, Plaintiffs must sufficiently plead "willfulness." A willful violation only occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs have failed to plead that Multiband engaged in such conduct.

The FAC contains only five paragraphs that reference "willful" misconduct, and those references consist solely of conclusory allegations and bare legal conclusions. Specifically, the FAC contains only conclusory allegations that "Defendants" acted willfully as to all Plaintiffs, without specifying exactly how a *particular* Defendant engaged in willful misconduct with respect to a *particular* Plaintiff. This style of pleading is utterly insufficient under *Iqbal/Twombly*.

The pleading deficiencies in the FAC are even more apparent when one considers the allegations pled on behalf of Plaintiffs Simpson, Dogan, Frazier, Gomez and Phillips. As set

forth more fully in Multiband's Motion, the claims asserted against Multiband by Plaintiffs Simpson, Dogan, Frazier, Gomez and Phillips are time barred in whole or in part under the applicable statute of limitations, *i.e.*, to the extent they accrued more than two years before these Plaintiffs first filed any claims against Multiband. Plaintiffs make no attempt to argue that the FAC alleges facts sufficient to establish that these specific plaintiffs' claims are timely, or otherwise entitled to relief under the doctrines of equitable tolling or relation back. Rather, Plaintiffs simply reiterate their argument that they need not plead specific facts in this instance. (Opp. at 16-19.). This argument cannot withstand even the most basic scrutiny.

Plaintiffs' contentions that the issue of willfulness is not properly addressed at this stage of the litigation, or that it requires application of a different standard of review, are erroneous. As Multiband argues in its Motion, courts have routinely found allegations of willfulness similar to those of Plaintiffs to be insufficient to survive a motion to dismiss. *See, e.g., McDonald v. SEIU Healthcare Pa.,* No. 13-CV-2555, 2014 WL 4672493 at *14-15 (M.D. Pa. Sept. 18, 2014) (applying the FLSA standard of willfulness in dismissing FMLA claims as untimely); *Perez v. Davis Design & Dev., Inc.,* No. 13-1118, 2013 WL 6835095 at *6 (W.D. Pa. Dec. 23, 2013) (granting motion to dismiss claims based on two-year SOL where complaint did not allege willfulness); *Mell v. GNC Corp.,* No. 10-945, 2010 WL 4668966 at *8 (W.D. Pa. Nov. 9, 2010); *Colson v. Avnet, Inc.,* 687 F. Supp. 2d 914, 921 (D. Ariz. 2010); *Topp v. Lone Tree Athletic Club, Inc.,* 2014 WL 3509201 at *8 (D. Col. Jul. 15, 2014).

In their Opposition, Plaintiffs seek to defend the hollow generalities of their FAC with additional generalities and *ipse dixit* conclusions, *e.g.*, the "*entire purpose* of Defendants' fissured employment scheme—insisting on misclassifying technicians as 'independent contractors' or enlisting subordinates to do the hiring in order to disclaim employer status—was

a willful attempt to avoid obligations to pay these technicians in accord with the FLSA." (Opp., at 17). However, it is not unlawful for a company to engage sub-contractors or other entities to complete work for it, and Plaintiffs' reliance and repeated use of the mere label "fissured employment" is no substitute for the fact pleading necessary to establish willfulness under the *Iqbal/Twombly* standards.

Contrary to what Plaintiffs assert in their Opposition, Multiband does not suggest that Plaintiffs are required to "prove" in their FAC that Multiband's alleged FLSA violations were willful. Rather, what Multiband maintains, and what the *Iqbal/Twombly* standards require, is that Plaintiffs do more than attach a mere "label" to Multiband's alleged conduct, a label grounded wholly in speculation and unsupported by any factual detail. Plaintiffs have not done that in this case.

Given Plaintiffs' failure to plead willfulness sufficiently, those Plaintiffs that predicate their FLSA claims upon alleged employment that falls outside the two-year SOL should be dismissed.[1]

Dated: May 22, 2015				**Respectfully submitted,**

				*/ s/ Tammy Baker*
				*Tammy Baker*
				Jackson Lewis
				First Commercial Bank Buildings,
				800 Shades Creek Parkway, Suite 870
				Birmingham , Al 35209
				Telephone: (205)322-3106
				Facsimile: (205)322-3131
				Email: bakert@jacksonlewis.com

---

[1] Plaintiffs generally do not dispute the applicable individual SOL dates identified by Multiband. (Opp. at 16-19). Plaintiffs do argue that the SOL is extended to 3½ years for the *Arnold* Plaintiffs based on an order in the *Arnold* action. (Opp., at 19 n 7). However, Multiband was not a party to the *Arnold* matter and the FAC and Opposition are devoid of any allegations or explanation regarding how the *Arnold* order applies to their pled claims against Multiband.

                                                 */s/ Michael Tiliakos*
Michael Tiliakos (Pro Hac Vice)
Natalie F. Hrubos (Pro Hac Vice)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 692-1045
Facsimile:   (212) 202-6231
Email:  MTiliakos@duanemorris.com
028791996

*Attorneys for Defendant Multiband Corp.*

## CERTIFICATE OF SERVICE

    I, Tammy Baker, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

                                                 */s/ Tammy Baker*
                                                 Tammy Baker, Esq.

Dated:  May 22, 2015

4819-3708-8548, v.  1