IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY BANKS, ET AL.**                                                                                            **PLAINTIFFS**

**V.**                                                                            **CASE NO. 1:14-cv-398-LG-RHW**

**DIRECTV, LLC AND MULTIBAND CORP.**                                               **DEFENDANTS**

**REBUTTAL IN SUPPORT OF DIRECTV'S MOTION TO DISMISS**

DIRECTV, LLC submits this rebuttal in support of its Motion to Dismiss, which seeks dismissal of (A) all claims because Plaintiffs have not sufficiently alleged DIRECTV was their joint employer, or at least (B) the minimum wage claims of eight Plaintiffs (Z. Dogan, Phillips, Riley, Roden, Vardamann, Sanders, Thomas and Gomez), and would show further show unto the Court as follows:

**A.   Plaintiffs have not Alleged Plausible Claims that DIRECTV was Their Joint Employer.**

DIRECTV moved to dismiss all claims because Plaintiffs have not sufficiently alleged DIRECTV was their joint employer. In large part, the "plausibility" of Plaintiffs' joint employer claims depends on whether they were employees (as opposed to independent contractors) of other companies in DIRECTV's alleged "employer network". *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1] The Court must therefore consider the First Amended Complaint from two perspectives: (1) have Plaintiffs sufficiently alleged that DIRECTV was their "joint employer"; and (2) have Plaintiffs alleged that they were employees,

---

[1] As to their relationship with DIRECTV, Plaintiffs discuss the economic realities test used to determine "joint employer" status, rather than the separate test used to determine whether an individual is an employee or independent contractor. *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008) (employee/independent contractor test).

1

and not independent contractors.  A case cited by Plaintiffs sums up the relevance of these two questions succinctly:

> [T]wo things are true: if defendants are not a joint employer, then they are not an employer at all; also, if the claimants are independent contractors, then they are not Defendants' employees.

*Chao v. Westside Drywall, Inc.*, 709 F. Supp.2d 1037, 1061 (D. Or. 2010).

Regardless whether Plaintiffs name their direct subcontractors as defendants, they cannot recover against DIRECTV or anyone else under the FLSA if they were independent contractors of those companies.  Plaintiffs have not cited any authority to the contrary, and this Court's *Eberline* case highlights the substantive nature of this point.

The plaintiffs in *Eberline* installed and repaired DIRECTV equipment. *See, e.g.*, *Eberline v. Media Net LLC*, Civil Action No. 1:13cv100, Mem. Op. & Order [Doc. 92] (S.D. Miss. Dec. 18, 2014).  They sued the company with whom they had a contract, Media Net, LLC, for FLSA violations;[2] they did not sue DIRECTV.  *Eberline*, Complaint [Doc. 1].  At trial, a jury determined that the plaintiffs were not employed by Media Net, *Eberline*, Verdict Form [Doc. 118], and a defense verdict was entered, *Eberline*, Final Judgment [Doc. 121].

As this Court recognized in *Eberline*, the determination whether a "cable or satellite television installer" is an employer or an independent contractor is "highly dependent on the specific context in which an individual performs his work." *Eberline*, Opinion [Doc. 92] at 6 (citing *Lang v. DIRECTV*, 801 F. Supp.2d 532, 536 (E.D. La. 2011)). This observation is shared generally by courts considering similar questions under the FLSA, but was also specifically made by the MDL panel when it refused to consolidate several DIRECTV cases:

> The issue of whether an individual is an employee or an independent contractor involves multiple factors, which require individualized inquiry. . . . Plaintiffs

---

[2] Of note, three plaintiffs in the *Banks* case – Van Roden, Emmanuel Stallworth and Shun Thomas – alleged they subcontracted with Media Net LLC.  *See* FAC ¶¶ 141, 159, 165.

> worked for potentially hundreds of subcontracting entities, which plaintiffs characterize as fly-by-night operations, and inquiry into those non-parties may prove complicated an require significant localized efforts.

See Ex. C [Doc. 25-3], MDL Order of Feb. 2, 2015 at 2.

Despite the individualized inquiry necessary under the FLSA, there is not a single plaintiff-specific allegation (other than residency) contained in the first 18 pages of the First Amended Complaint. Instead, Plaintiffs portray a uniform system of control exercised by DIRECTV over an employer network. The Complaint does not include a single example from the personal experiences of any Plaintiff to substantiate any of these "common allegations." Moreover, Plaintiffs do not identify the subcontractors with whom each Plaintiff had a direct contractual relationship, let alone describe the control exercised by those subcontractors over Plaintiffs' work and pay.

Yet, taking the very limited plaintiff-specific allegations at face value reveals that each Plaintiff did indeed have a very different experience. Plaintiffs all worked different hours (between 48 and 80 hours per week), were paid different amounts (between -$55 and $1,705 per week), alleged different chargebacks and business expenses (between $117 and $635 per week), and had widely divergent effective hourly rates of pay (between -$0.76 and $13.78). See Ex. A [Doc. 25-1].

Plaintiffs' allegations demonstrate that the individual experiences of each Plaintiff were not nearly as uniform as Plaintiffs' "common allegations" suggest. Is it "possible" neither the subcontractors nor the Plaintiffs are responsible for these differences? Is it "possible" that the subcontractors employed them? Perhaps, but *Twombly* and *Iqbal* require more. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"

*Iqbal*, 556 U.S. at 679.  Rather, the facts in the complaint must allow the court to reach a "reasonable inference" that the defendant is liable.  *Id.*

Here, the only "reasonable inference" is that the First Amended Complaint is missing any and all allegations regarding the subcontractors needed to demonstrate Plaintiffs were their employees, and not independent contractors.  For these reasons – (1) implausibility of allegations of control against DIRECTV, and (2) absence of allegations regarding their direct subcontractors – Plaintiffs have not plausibly stated "joint employer" claims against DIRECTV.

To be sure, the level of control supposedly exercised by DIRECTV over the "employer network" is the only 1 of 4 factors of the economic realities test Plaintiffs take on.  Plaintiffs' brief does not even address the other 3 factors other than a passing, unsupported reference that "the complaint touches on each of the relevant factors."  Plf's Br. at 8.  Plaintiffs do not dispute DIRECTV's arguments the operative Complaint fails to properly allege the company (1) did not have the right to hire and fire technicians, (2) did not set the rate of pay for the technicians, and (3) did not maintain employment records for them.  *See* DIRECTV's Br. [Doc.26] at 14-15.

In addition, Plaintiffs' First Amended Complaint contains an important omission. One purpose of the economic reality test is to "gauge the economic dependence of the alleged employee."  *Hopkins*, 545 F.3d at 343.  Plaintiffs do not, however, allege that they or their direct subcontractors worked exclusively for DIRECTV and no one else.[3]  Assuming they did not, this factor would weigh heavily against their employment by DIRECTV.  The fact that Plaintiffs worked for so many different subcontractors also suggests they were not economically dependent on any of their subcontractors.

---

[3] In fact, the First Amended Complaint does not comment on this, stating only that, "upon information and belief," DIRECTV was "the source of substantially all" income of the "HSPs and Secondary Providers."  FAC ¶ 29.  Plaintiffs' definition of HSPs and Secondary Providers does not include the subcontractors.  *Id.* ¶¶ 27, 31.

While Plaintiffs repeatedly suggest that their allegations of a "fissured employment scheme" are sufficient to state valid FLSA claims,[4] neither the FLSA nor cases interpreting it depart from the economic realities test when such an allegation is made.  That is, such an allegation is not entitled to any deference or special treatment.  This Court is bound to evaluate "joint employer" status under the economic realities test.  And, applying that test here, the allegations of Plaintiffs' First Amended Complaint are not sufficient to plausibly state a "joint employer" claim against DIRECTV under the FLSA.

The other DIRECTV opinions Plaintiffs cite in Footnote 5 of their brief are neither binding on this Court nor should they be considered persuasive in view of the specific arguments asserted here by DIRECTV.  For example, *Renteria-Camacho* is a one plaintiff in which the allegations of the operative complaint are tied closely to that plaintiff's own individual experiences.  *Renteria-Camacho v. DIRECTV*, No. 14-2529-CM-JPO, Opinion [Doc. 23] & Complaint [Doc. 1] (D. Kans.).  Nevertheless, the Court still stated that "plaintiff should have specifically named the DTVHS-subcontractor that employed him."  Opinion [Doc. 23] at 3.  The Court in *Barbosa* denied the motion to dismiss the overtime claims in one short paragraph in a 2-page order.  *Barbosa v. DIRECTV*, No. 14-13896-LTS [Doc. 24] (D. Mass.).  It did not address whether Plaintiffs' claims against DIRECTV were "plausible" without any allegations they were employed by their subcontractors.  In *Amponsah*, the Court dismissed DIRECTV's arguments in this regard in a footnote without citing any authority.  *Amposah v. DIRECTV*, No. 14-3314, Order [Doc. 47] at 19 n.12 (N.D. Ga.).  Yet, in dismissing the claims against the two named

---

[4] Plaintiffs argue in their response that "[t] he Complaint provides page after page of detail about the 'economic reality' of the employment relationship between the plaintiffs and defendants."  Plf's Resp. [Doc. 29] at 1.  In truth, the Complaint contains no plaintiff-specific allegations regarding the economic reality of any of the Plaintiffs' individual relationships with DIRECTV or their direct subcontractors.

providers, the Court made concluded that Plaintiffs had not "plausibly" stated a claim against any of the other named providers in the alleged employer network:

> Conclusory statements that DIRECTV controlled the technicians through the Providers is insufficient to raise an inference of employment by the Providers. Rather, [Plaintiff] must allege sufficient facts particular to [the provider] that raise a reasonable inference that it exerted sufficient control over his position. The Complaint fails to do so.

*Id.* at 12. DIRECTV of course makes precisely the same argument here to demonstrate the implausibility of Plaintiffs' joint employer claims against it.

In summary, applying the economic realities test in the light of *Iqbal* and *Twombly*, this Court should find that Plaintiffs have not alleged a "plausible" joint employer claim against DIRECTV since they plead no facts sufficient to support a "reasonable inference" of employment by their direct subcontractors (or any other provider for that matter). Accordingly, DIRECTV requests this Court to dismiss all claims asserted against it.

**B.      Eight Plaintiffs do not Otherwise State Proper Claims for Minimum Wage Violations.**

The Court must take Plaintiffs at their word as to how many hours they worked and how much they were paid. For eight Plaintiffs, the First Amended Complaint does not state plausible claims for violation of the minimum wage provisions of the FLSA. That is, the allegations do not demonstrate that they were paid an hourly rate that dipped below the pertinent $7.25 minimum wage during any given workweek:

| Plaintiff | Avg. Weekly Hours | Avg. Wages (Gross) | Avg. Wages (Net) | Avg. Hourly Wage (Net) | FAC |
|---|---|---|---|---|---|
| *Zanerio Dogan* | *78 hours* | *$1,400* | *$1075[5]* | *$13.78* | *¶ 108* |
| *Richard Phillips* | *48 hours* | *$750* | *$ 633* | *$13.19* | *¶ 126* |
| *Aric Riley* | *58 hours* | *$1,000* | *$ 729* | *$12.57* | *¶ 132* |
| *Van Roden* | *70 hours* | *$1,100* | *$ 740* | *$10.57* | *¶ 144* |
| *A. Vardamann* | *60 hours* | *$1,000* | *$ 627* | *$10.45* | *¶ 174* |
| *Larry Sanders* | *59 hours* | *$850* | *$ 508* | *$ 8.61* | *¶ 156* |
| *Shun Thomas* | *70 hours* | *$1,100* | *$ 595* | *$ 8.50* | *¶ 168* |
| *Eric Gomez* | *75 hours* | *$950* | *$ 582* | *$ 7.76* | *¶ 120* |
| Em. Stallworth | 75 hours | $825 | $ 419 | $ 5.59 | ¶ 162 |
| Bobby Banks | 70 hours | $900 | $ 275 | $ 3.93 | ¶ 95 |
| William Frazier | 50 hours | $825 | $ 190 | $ 3.80 | ¶ 114 |
| Marcus Simpson | 70 hours | $675 | $ 258 | $ 3.69 | ¶ 186 |
| Sheldon Watts | 60 hours | $600 | $ 194 | $ 3.23 | ¶ 180 |
| Timothy Dogan | 80 hours | $800 | $ 125 | $ 1.56 | ¶ 102 |
| Ricky Romines | 75 hours | $450 | $ 15 | $ 0.20 | ¶ 150 |
| Christopher Roberts | 72 hours | $300 | ($55) | ($0.76) | ¶ 138 |

It is of course axiomatic, and undisputed by Plaintiffs, that an employee cannot recover for minimum wage violations if his or her "weekly wage, when divided by the number of hours [that employee] worked [in the week], exceed[s] the minimum wage amount in effect." *See, e.g.*, *Sandoz v. Cingular Wireless*, 2013 U.S. Dist. LEXIS 47018, *14 (W.D. La. 2012). Plaintiffs do not dispute DIRECTV's calculations either. Rather, Plaintiffs argue the calculations are not "conclusive evidence" these 8 Plaintiffs "always" earned more than the applicable $7.25 minimum wage. Plf's Br. [Doc. 29] at 15. By arguing the sufficiency of their "evidence," rather

---

[5] This amount represents the net income Plaintiffs alleged they averaged for a week of work after subtracting chargebacks and other out of pocket expenses.

than the sufficiency of their "allegations," Plaintiffs confuse the applicable burdens on this motion to dismiss.

Under *Iqbal* and *Twombly*, Plaintiffs' allegations must permit a reasonable inference of a minimum wage violation rather than the mere "possibility of under compensation." *Landers v. Quality Comms.,* 771 F.3d 638, 646 (9th Cir. 2014). "A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, and any other facts that will permit the court to find plausibility." *Id.* at 645.

Based on the allegations of Plaintiffs' First Amended Complaint, 8 of the 16 Plaintiffs have simply not alleged facts sufficient to show they were paid an amount that did not meet minimum wage in any single workweek. *See also id.* at 646 (plaintiffs "should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of 40 hours and were not paid minimum  [were not fully compensated]").

In another DIRECTV case filed by the same plaintiffs' counsel, the Court found that similar allegations in the First Amended Complaint – *i.e.* ones that permitted hourly wage calculations similar to those provided here – were not sufficient to assert minimum wage claims. *Anderson et al. v. DIRECTV Inc., et al.*, Civil Action No. CV-14-02307-02307-PHX-SRB, Order Doc. 43] at 3-6 (D. Ariz. May 5, 2015). Even if the plaintiffs could ultimately prove that there was at least one workweek in which they were paid below minimum wage, the Court properly directed its focus on the sufficiency of the allegations of the First Amended Complaint. It found that Plaintiffs' "self-described 'general allegations' are [not] sufficient to state a plausible FLSA claim." Order [Doc. 43] at 3. As the Court explained, it would have to engage in speculation to

8

credit plaintiffs with alleging there was at least one workweek in which they were paid below the minimum wage:

> Plaintiffs do not dispute Defendant DIRECTV's calculations that the employment figures average above the minimum wage. The Court would have to speculate from Plaintiffs' employment figures that there were workweeks in which Plaintiffs did not receive minimum wage because Plaintiffs have not expressly identified workweeks in which they were paid below the minimum wage. Absent such factual content, Plaintiffs' minimum wage claims are no different in substance to the generalized allegations the Ninth Circuit concluded were insufficient to state a plausible FLSA claim in *Landers*.

*Anderson*, Order [Doc. 43] at 5.

Plaintiffs cite another DIRECTV case in their response. *Amponasah et al. v. DIRECTV Inc. et al.*, Civil Action No. 1:14-CV-3314-ODE, Order [Doc. 47] (N.D. Ga. April 15, 2015). Unlike the operative complaint *Anderson* or this case, however, the original Complaint in *Amponash* did not contain allegations sufficient to permit the same hourly wage calculations made in *Anderson* and this case. As a result, the Court did not have to decide whether Plaintiffs' allegations they averaged more than minimum wage could nevertheless survive *Iqbal* and *Twombly*.[6]

In summary, the speculative "possibility" that eight of the Plaintiffs were paid below minimum wage in some unidentified workweek is not sufficient to state a claim, particularly where Plaintiffs' allegations demonstrate they made more than the minimum wage. DIRECTV therefore requests this Court dismiss the minimum wage claims of Plaintiffs Z. Dogan, Phillips, Riley, Roden, Vardamann, Sanders, Thomas and Gomez.

---

[6] Plaintiffs' assurance that that, "once the record is developed, Plaintiffs who have any workweeks evidencing a minimum wage violation will purse and prove those claims," while "plaintiffs who do not, will not" does not satisfy Rule 8. *See also Harold's Auto Parts v. Mangialardi*, 889 So.2d 493, 494 (Miss. 2004) ("Complaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action.").

### C. CONCLUSION

Therefore, for these reasons, DIRECTV respectfully requests this Court to dismiss all joint employer claims asserted against DIRECTV, or, as necessary and appropriate, to dismiss the minimum wage claims of Plaintiffs Z. Dogan, Phillips, Riley, Roden, Vardamann, Sanders, Thomas and Gomez.

Respectfully submitted, this 22nd day of May, 2015

                DIRECTV, LLC

            BY: /s/ *Robert B. Ireland, III*
                ROBERT B. IRELAND, III

OF COUNSEL:

Robert B. Ireland, III, MSB # 100708
Watkins & Eager PLLC
400 E Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi 39205-0650
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
E-Mail: rireland@watkinseager.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

>Cynthia D. Burney
>cindyburney@bellsouth.net
>
>Todd C. Werts
>werts@learwerts.com
>
>Jesse B. Hearin, III
>jbhearin@gmail.com
>
>*Attorney for Plaintiffs*
>
>Tammy L. Baker
>bakert@jacksonlewis.com
>
>Michael Tiliakos
>mtiliakos@duanemorris.com
>
>Natalie F. Hrubos
>nfhrubos@duanemorris.com
>
>Christina Fletcher
>cjfletcher@duanemorris.com
>
>*Attorneys for Multiband Corp.*

This 22nd day of May, 2015.

>/s/ *Robert B. Ireland, III*
>ROBERT B. IRELAND, III