IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| BOBBY BANKS, TIMOTHY DOGAN, ZANGERIO DOGAN, WILLIAM FRAZIER, ERIC GOMEZ, RICHARD PHILLIPS, ARIC RILEY, CHRISTOPHER ROBERTS, VAN RODEN, RICKY ROMINES, LARRY SANDERS, EMMANUEL STALLWORTH, SHUN THOMAS, ARTHUR VARDAMAN, SHELDON WATTS, and MARCUS SIMPSON,<br><br>v.<br><br>DIRECTV, INC., DIRECTV, LLC, and MULTIBAND CORP.<br><br>Defendants. | Case No. 1:14-cv-00398 |

**MULTIBAND'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CONDITIONAL MOTION TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Multiband Corporation ("Multiband"), by and through its undersigned counsel, hereby submits the following opposition to "Plaintiffs' Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions To Dismiss Plaintiffs' First Amended Complaint" (Docket No. 33).

### I.   ARGUMENT

Contemporaneous with their Opposition to Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint, Plaintiffs also filed "Plaintiffs' Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint" (hereinafter "Motion"). (Docket No. 33). In this Motion, Plaintiffs seek conditional relief, asking that, should the Court grant Defendants' Motions to Dismiss their First Amended Complaint ("FAC"), that the Court permit Plaintiffs thirty (30) days to either: (1) amend their

Complaint again as a matter of course or by consent pursuant to Rule 15(a)(1), or to (2) file a motion for leave to amend pursuant to Rule 15(a)(2). This Motion should be denied.

Federal Rule of Civil Procedure 15(a)(1) provides in pertinent part that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, . . .21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that in all other cases, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so desires." Fed. R. Civ. P. 15(a)(2). Plaintiffs have already amended their Complaint by filing their FAC on March 4, 2015, and therefore cannot amend again under Fed. R. Civ. P. 15(a). Multiband has not consented to Plaintiffs' filing, and, therefore, any amendment can only be granted in the Court's discretion pursuant to Fed. R. Civ. P. 15(a)(2).

Leave to amend pursuant to 15(a)(2) is within the discretion of the District Court and may be denied due to undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs did not attach a copy of their proposed Second Amended Complaint to their Motion. Plaintiffs' failure to attach a copy of their proposed amendments to their Motion demonstrates why the Court should exercise its discretion against allowing leave to amend, and why the Court should deny Plaintiffs' instant Motion.

An amendment is futile if the proposed amended complaint would also be subject to dismissal. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). Plaintiffs' failure to attach a copy of their amended complaint to their Motion has deprived both Multiband and the Court of the opportunity to review the proposed amendments to determine whether

Plaintiffs have cured the various defects set forth in Multiband's Motion to Dismiss Plaintiffs' FAC.  If the Court were to grant Plaintiffs' Motion without that review, Multiband may be forced to file another motion to dismiss in response to Plaintiffs' **Second** Amended Complaint, which will accomplish nothing other than delay and the needless waste of the time and resources of the Court and the parties.

Accordingly, Plaintiffs' motion is premature and should be denied unless and until such time as they provide Multiband and the Court with a proposed Second Amended Complaint that cures the defects set forth in Multiband's Motion to Dismiss the FAC.

Dated:  June 4, 2015                                  Respectfully submitted,


                                                      By:  /s/ *Tammy L. Baker*


| | |
|---|---|
| Michael Tiliakos (*Pro Hac Vice*) | Tammy L. Baker |
| Christina J. Fletcher (*Pro Hac Vice*) | JACKSON LEWIS P.C. |
| Natalie F. Hrubos *(Pro Hac Vice)* | First Commercial Bank Building |
| DUANE MORRIS LLP | 800 Shades Creek Parkway, Suite 870 |
| 1540 Broadway | Birmingham, AL 35209 |
| New York, NY 10036-4086 | Telephone: (205) 322-3106 |
| T: 212-692-1000;  F: 212-692-1020 | Facsimile: (205) 322-3131 |
| Email: mtiliakos@duanemorris.com | Email:  bakert@jacksonlewis.com |
| Email: cjfletcher@duanemorris.com | |
| Email: nfhrubos@duanemorris.com | |

## CERTIFICATE OF SERVICE

Tammy L. Baker certifies that on June 4, 2015, she caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter.  Parties may access this filing through the Court's CM/ECF system.

/s/ *Tammy L. Baker*

4844-2387-4852, v.  1