IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY BANKS, ET AL.**                                                                          **PLAINTIFFS**

v.                                                                                   CAUSE NO. 1:14CV398-LG-RHW

**DIRECTV, LLC, ET AL.**                                                                       **DEFENDANTS**

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
<u>MOTIONS TO DISMISS</u>

BEFORE THE COURT is the Motion [23] to Dismiss filed by Multiband Corp., and the Motion [25] to Dismiss filed by DIRECTV, LLC. Both Motions request dismissal of the plaintiffs' First Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), for essentially the same reasons. The Motions have been fully briefed by the parties, and there has been supplemental authority provided to and reviewed by the Court. After due consideration, the Court finds that the plaintiffs have adequately stated Fair Labor Standards Act claims against the defendants, except to the extent that certain plaintiffs have failed to state a minimum wage violation claim. The Court further finds that the standard two-year limitation period applies. Accordingly, the Motions are granted in part and denied in part.

BACKGROUND

The plaintiffs are a group of sixteen satellite system technicians alleging that they are employees of DIRECTV, and in some cases, Multiband, in addition to being employees of the subcontractor that directly employs them. They allege that DIRECTV controls a provider network in which it contracts with home service

providers (such as Multiband) and secondary providers, which in turn contract with a number of localized subcontractors. These subcontractors enter into contracts with the satellite system technicians, who perform the work of installing and repairing DIRECTV satellite systems.

Thirteen of the plaintiffs were opt-in plaintiffs to an FLSA collective action in the case of *Lang v. DIRECTV, et al.*, No. 10-1085-NJB (E.D. La. Apr. 9, 2010). The decertification of that case as a collective action in 2013 eventually resulted in a large number of spin-off cases, of which this is one. Plaintiffs' claims are for violation of the minimum wage and overtime wage provisions of the FLSA, 29 U.S.C. §§ 206(a) and 207(a)(1). DIRECTV and Multiband move for dismissal on grounds that 1) each plaintiff has not specified an employer that is "joint" with DIRECTV and/or Multiband; 2) plaintiffs do not sufficiently allege all of the elements of the "economic reality test" applicable to FLSA cases; and 3) eight plaintiffs fail to allege minimum wage violations. Additionally, Multiband argues that the claims of five plaintiffs are time-barred.

## DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B. The Sufficiency of Plaintiffs' Allegations**

   *1. The Defendants' Status as "Joint Employers."*

In order to state a claim for unpaid wages or overtime under the FLSA, a plaintiff must first establish that he was an employee of the defendant. *See Benshoff v. City of Va. Beach*, 180 F.3d 136, 140 (4th Cir. 1999) ("Those seeking compensation under the Act bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act."); *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986) ("Under [the overtime provisions of the FLSA], however, a plaintiff must also show that he was 'employed' by the defendant/employer in order to prove a violation."). Under the FLSA, "employee" is defined as "any individual employed by an employer," while "employ" means "to suffer or permit to work." 29 U.S.C. § 203(e)(1), 29 U.S.C. § 203(g). As observed by the Fifth Circuit, the definition is

particularly broad and is intended to encompass "some parties who might not qualify as such under a strict application of traditional agency law principles." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)).

In order to gauge whether an individual is an employee, the Court is to assess the economic reality of the employment relationship, and consider whether the putative employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.[1] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). No factor is sufficient or dispositive in and of itself; instead each should be considered in the larger context of the ultimate inquiry, which is "the economic dependence of the alleged employee." *Hopkins*, 545 F.3d at 343; *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043-44 (5th Cir. 1987).

As a preliminary matter, the defendants contend that unless there are adequate allegations concerning a "primary" or "direct" employer, any allegations against themselves as joint employers cannot be legally sufficient. (*See* DIRECTV

---

[1] The four elements of the *Gray* version of the economic reality test are slightly different from the five elements of the economic reality test used to distinguish between employee and independent contractor. *See, e.g., Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). Because the defendants question their status as "joint employers" rather than the plaintiffs' status as employees or independent contractors, the Court finds the *Gray* version of the economic reality test most helpful.

Mem. 10, ECF No. 26 ("Plaintiffs do not sufficiently allege that DIRECTV was their 'joint employer' unless they also allege they were 'employed' under the FLSA by another company with whom they have or had a direct relationship."); Multiband Mem. 16, ECF No. 24 ("Quite simply, without a direct employer, there is no joint employer.")).

The Court rejects this premise. The law in the Fifth Circuit is that "[i]n joint employer contexts, each employer must meet the economic reality test." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (citing *Gray*, 673 F.3d at 355). For this reason, it is unnecessary to consider plaintiffs' other employers at this stage. What is relevant for purposes of determining whether the plaintiffs have stated an FLSA claim against DIRECTV and/or Multiband is whether plaintiffs have alleged facts regarding their employment relationship with DIRECTV and/or Multiband that satisfy the economic reality test.

   2. *The Economic Reality Test Elements*

The plaintiffs allege that DIRECTV controls service technicians through a "fissured employment scheme" which was purposefully designed to exercise the right of control over the technicians while avoiding the responsibility of complying with the FLSA. (Am. Compl. 5, 9, ECF No. 17). Plaintiffs allege that although they are ostensibly employed by Multiband and other DIRECTV contractors as independent contractors, DIRECTV controls their employment through imposing certain hiring requirements; assigning their work; requiring that they appear to the public to be agents of DIRECTV; monitoring their work; and imposing chargebacks

for unacceptable work.

Plaintiffs allege that Multiband employed some of them by entering into contracts with them, which Multiband had the power to terminate. Multiband is alleged to have "worked directly in the interest of DIRECTV by passing along scheduling from DIRECTV and providing supervision of the technicians." (*Id*. at 6). Additionally, Multiband maintained "personnel files" on each technician, which were "regulated and audited by DIRECTV." (*Id*.). Multiband is also alleged to maintain warehouses where technicians pick up DIRECTV equipment and receive training required by DIRECTV.

The plaintiffs' allegations touch on each of the economic reality test elements as to Multiband, and three of the elements as to DIRECTV. Plaintiffs contend that both DIRECTV and Multiband had the power to hire and fire them; that DIRECTV scheduled each technician's work and both DIRECTV and Multiband controlled the conditions of and supervised their work; that DIRECTV and Multiband determined the technicians' pay through scheduling and chargeback practices; and that Multiband maintained employee files on the technicians, to which DIRECTV was allowed access. All of the economic reality test elements need not be present in each case to find an employee-employer relationship. *Gray*, 673 F.3d at 355. In this case, there are enough factual allegations to state a plausible claim of joint employer liability against both DIRECTV and Multiband.

### 3. *The Statute of Limitations*

Multiband argues that the some of the plaintiffs' claims are partially barred

by the FLSA's standard, two-year statute of limitations.[2] Multiband contends that there are insufficient allegations of its "willfulness," which would extend the FLSA's statute of limitations to three years. The Court agrees with this conclusion. The factual allegations of the Amended Complaint are primarily directed toward DIRECTV, which is alleged to "sit atop" a provider network of its own creation, designed to avoid its responsibilities under the FLSA. Multiband is simply alleged to be one of the secondary members of the provider network, acting at the direction of DIRECTV. Without some factual allegation showing that Multiband "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988), there can be no plausible claim for "willfulness." Because the plaintiffs fail to include allegations beyond a conclusory statement that Multiband willfully violated the FLSA, (*See* Am. Compl. 38 (¶195), ECF No. 17), the standard two-year limitation period applies to the claims against Multiband.

Applying the two-year limitation period, Multiband asks for partial dismissal of five plaintiffs' FLSA claims as time-barred. The five plaintiffs fall into two groups - those who were part of earlier litigation against Multiband,[3] (Dogan, Frazier, Gomez and Phillips), and plaintiff Simpson, who was not. As to the first group of plaintiffs, their claims against Multiband are limited to two years prior to

---

[2] Multiband's limitations argument applies to plaintiffs Simpson, Dogan, Frazier, Gomez, and Phillips. (Multiband Mem. 9, ECF No. 24).

[3] *Acfalle v. DIRECTV, et al.,* No. 13-8108 ABC (C.D. Ca. Nov. 1, 2013).

the November 1, 2013, filing date of the earlier litigation. Simpson's claims against Multiband were asserted for the first time in this action. Therefore, his limitation date is two years prior to the October 21, 2014, filing date of this case. These plaintiffs may not assert FLSA claims against Multiband extending back beyond the applicable limitation dates.

### 4. *Minimum Wage Violations*

DIRECTV argues that eight of the sixteen plaintiffs fail to state claims for minimum wage violations. Multiband makes the same argument with regard to three of the eight, who allege they also worked for Multiband. According to the defendants, the allegations in the Amended Complaint show that the eight plaintiffs were paid at least the minimum $7.25/hour minimum wage.[4] Having alleged that they earned more than the minimum wage, these plaintiffs have not alleged a plausible FLSA minimum wage violation claim.

The eight plaintiffs agree that their allegations show an above-minimum

---

[4] The defendants' uncontested calculations using the allegations in the Amended Complaint are as follows:

| Plaintiff | Avg. Weekly Hours | Avg. Wages (Gross) | Avg. Wages (Net) | Avg. Hourly Wage (Net) |
|---|---|---|---|---|
| *Zanerio Dogan* | *78 hours* | *$1,400* | *$1075* | *$13.78* |
| *Richard Phillips* | *48 hours* | *$750* | *$ 633* | *$13.19* |
| *Aric Riley* | *58 hours* | *$1,000* | *$ 729* | *$12.57* |
| *Van Roden* | *70 hours* | *$1,100* | *$ 740* | *$10.57* |
| *A. Vardamann* | *60 hours* | *$1,000* | *$ 627* | *$10.45* |
| *Larry Sanders* | *59 hours* | *$850* | *$ 508* | *$ 8.61* |
| *Shun Thomas* | *70 hours* | *$1,100* | *$ 595* | *$ 8.50* |
| *Eric Gomez* | *75 hours* | *$950* | *$ 582* | *$ 7.76* |

wage rate of pay, but contend they should not be penalized for being unnecessarily detailed in their pleading, and they did make some general allegations that they were subject to practices that resulted in pay below the minimum wage. They contend that despite the average figures for earnings, chargebacks and expenses they alleged, it is possible there were specific weeks in which they did not net the minimum wage. They wish to discover this information as the case moves ahead.

The Court is required to accept the plaintiffs' allegations of fact as true. *Iqbal*, 556 U.S. at 678. The eight plaintiffs at issue here have made factual allegations concerning their earnings that, when taken as true, show that they cannot state a plausible minimum wage violation claim against DIRECTV or Multiband. Accordingly, the minimum wage violation claims made by plaintiffs Dogan, Phillips, Riley, Roden, Vardamann, Sanders, Thomas and Gomez, will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [23] to Dismiss filed by Multiband Corp. is **GRANTED** to the extent that the claims of plaintiffs Zanerio Dogan, William Frazier, Eric Gomez and Richard Phillips against Multiband are subject to the limitation dates set out above, and the minimum wage violation claims of plaintiffs Zanerio Dogan, Eric Gomez and Richard Phillips against Multiband are **DISMISSED** without prejudice. The Motion is denied in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [25] to Dismiss filed by DIRECTV, LLC  is **GRANTED** to the extent that the minimum

wage violation claims of plaintiffs Zanerio Dogan, Eric Gomez, Richard Phillips, Aric Riley, Van Roden, Arthur Vardaman, Larry Sanders and Shun Thomas against DIRECTV, LLC are **DISMISSED** without prejudice.  The Motion is denied in all other respects.

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE